**Marcos SANCHEZ–MACIAS, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 14–71948.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 20, 2016.*

Filed Jan. 27, 2016.

Jesus Manuel Sanchez, Esquire, J. Manuel Sanchez & Associates, San Ysidro, CA, for Petitioner.

James A. Hurley, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Marcos Sanchez–Macias, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") final order of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Gutierrez v. Mukasey,* 521 F.3d 1114, 1116 (9th Cir.2008), and we deny the petition for review.

Substantial evidence supports the agency's determination that Sanchez–Macias failed to establish the requisite ten years of continuous physical presence in the United States for cancellation of removal, where his testimony and record evidence supported the agency's finding that Sanchez–Macias knowingly and voluntarily accepted voluntary departure in lieu of removal proceedings in 2009. *See* 8 U.S.C. § 1229b(b)(1)(A); *Gutierrez,* 521 F.3d at 1117–18 (acceptance of voluntary departure terminates physical presence if petitioner understood he had the right to go before an IJ and chose to depart instead).

In light of this disposition, we need not reach Sanchez–Macias' remaining contentions regarding his equities in the United States, his credibility, whether he demonstrated good moral character, or whether he made a false claim of United States citizenship.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.